UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joshua Kowalski,

                Plaintiff,        Case No. 22-11418

v.                                    Judith E. Levy
                                    United States District Judge

LR Management,

                                    Mag. Judge David R. Grand

                Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT [6] WITHOUT PREJUDICE
AND VACATING ORDER TO SHOW CAUSE [5]**

      Plaintiff Joshua Kowalski filed this action on June 23, 2022, alleging that he was unlawfully discharged by Defendant LR Management in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, and the Michigan Persons with Disabilities Civil Rights Act ("PDCRA"), Mich. Comp. Laws §§ 37.1201–.1214. (ECF No. 1.) Defendant was served on August 19, 2022.[1] (ECF No. 4.)

---

[1] Instead of the August 19, 2022 date noted on the certificate of service, Plaintiff's motion and the accompanying affidavit from the process server give this

Defendant's answer or motion to dismiss was therefore due on September 2, 2022. Fed. R. Civ. P. 12(a)(1)(A)(i). No response was filed.

On October 11, 2022, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute under Eastern District of Michigan Local Rule 41.2. (ECF No. 5.) On October 18, Plaintiff filed a response to the show cause order (ECF No. 7), and a motion for default judgment.[2] (ECF No. 6.)

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). When the claim is not for a sum certain or a sum that can be made certain by computation, "the party must apply to the court for a default

---

date as August 29, 2022. (*Compare* ECF No. 4, PageID.13 *with* ECF No. 6, PageID.16; ECF No. 6-2, PageID.28.) Plaintiff does not explain the discrepancy.

[2] The first page of Plaintiff's motion is labeled "Motion for Entry of Default," but the body of the motion makes clear that Plaintiff is seeking a default judgment. (*See* ECF No. 6, PageID.16, 18, 19, 21.)

2

judgment."[3] Fed. R. Civ. P. 55(b)(2). The Sixth Circuit has summarized the process as follows:

> The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request. Rule 55 (a). Then, pursuant to Rule 55 (c), the defendant has an opportunity to seek to have the default set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk. Rule 55 (b). Finally, Rule 55 (c) authorizes a motion to set aside a default judgment pursuant to Rule 60 (b).

*United Coin Meter Co. v. Seaboard C. R.R.*, 705 F.2d 839, 844 (6th Cir. 1983) (citations omitted).

Here, Plaintiff did not first obtain an entry of default against Defendant from the Clerk of Court. The motion for default judgment is thus premature. Accordingly, the Court DENIES Plaintiff's motion for default judgment WITHOUT PREJUDICE.

---

[3] Here, Plaintiff seeks compensatory damages, punitive damages, attorney fees and costs, and "an order of this court reinstating Plaintiff to an appropriate position with Defendant." (ECF No. 1, PageID.7.)

The Court has also reviewed Plaintiff's response to the order to show cause and finds that the order has been satisfied. Accordingly, the Court VACATES the order to show cause for failure to prosecute.

IT IS SO ORDERED.

Dated: October 20, 2022           s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                                          United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 20, 2022.

                                              s/William Barkholz
                                              WILLIAM BARKHOLZ
                                              Case Manager